John P. Kristensen (224132)
David L. Weisberg (211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Boulevard, Suite 221
Los Angeles, California 90025
Telephone:  310-507-7924
Fax:  310-507-7906
john@kristensenlaw.com
david@kristensenlaw.com

*Attorneys for Plaintiff M. Strasner*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. STRASNER, an individual,<br><br>        Plaintiff.<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware Corporation; INGRAM MICRO, INC., a California Corporation,; DOE T-MOBILE AGENT, an individual; and DOES 3-100, inclusive.<br><br>        Defendants. | Case No.  14-CV-2635-H (MDD)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. Invasion of Privacy;**<br>**2. Public Disclosure of private facts;**<br>**3. Intrusion Upon Seclusion;**<br>**4. Intentional Infliction of Emotional Distress;**<br>**5. Negligent Infliction of Emotional Distress;**<br>**6. Negligence; and**<br>**7. Violation of Cal. *Bus. Prof. Code* §§ 17200, *et seq.* ("UCL").**<br><br>**DEMAND FOR JURY TRIAL** |

I.    <u>INTRODUCTION</u>

1.      COMES NOW, PLAINTIFF M. STRASNER and alleges against all
Defendants T-MOBILE USA, INC., INGRAM MICRO, INC., DOE T-MOBILE AGENT and
DOES 3-100 and each of them, as follows:

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

II.    **PARTIES**

2.    PLAINTIFF M. STRASNER (from hereinafter "STRASNER" and/or as "PLAINTIFF") is an individual residing in the County of San Diego in the State of California. STRASNER's full name has not been utilized in the filing of this lawsuit to protect the privacy and identity of STRASNER, as a victim of invasion of privacy, sexual harassment and public disclosure of intimate private facts.

3.    DEFENDANT T-MOBILE USA, INC. (from hereinafter "T-MOBILE") is a Delaware registered Corporation, headquartered in Bellevue, Washington and, at all times herein mentioned doing business in the State of California.  In addition, at all times relevant hereto, T-MOBILE conducted regular and sustained business in San Diego County, California, by promoting and providing its services within said county.

4.    DEFENDANT INGRAM MICRO, INC. (from hereinafter "INGRAM MICRO") is a Delaware registered Corporation with its principal place of business under the "nerve center" test, which was adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend,* 599 U.S. 77 (2010), is in California at 1600 East St. Andrew Place, Santa Ana, California 92705 and its registered agent for service of process is CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.  In addition, at all times relevant hereto, INGRAM MICRO conducted regular and sustained business in San Diego County, California, by promoting and providing its services within said county.

5.    PLAINTIFF is informed and believes, and upon such information and belief alleges thereon, that at all times herein mentioned defendant DOE T-MOBILE AGENT (from hereinafter "DOE 1") is or was an employee, agent, and/or ostensible agent of third party contractor, Touchstone.  Touchstone was owned by Brightpoint, Inc. (a then Fortune 500 company) which assumed its liabilities, including those related to Plaintiff.   INGRAM MICRO then subsequently purchased Brightpoint, Inc. and assumed its liabilities, including those related to Plaintiff.

6.    PLAINTIFF is ignorant of the true names and capacities of defendants named herein as DOES 3 through 100 inclusive, whether individual, corporate, associate, or

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

otherwise, therefore sues such defendants by such fictitious names pursuant to *California Code of Civil Procedure*, § 474.  PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.  PLAINTIFF is informed and believes and based upon such information and belief thereon alleges that DOE defendants, and each of them, is in some way negligent or responsible for the events and happenings herein referred to which proximately resulted in those injuries and damages to the PLAINTIFF as herein alleged.

7.     PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned that each of the defendants was at all times relevant thereto, the agent, employee and/or representative of each of the remaining defendants, or an independent contractor and was acting at least in part within the course and scope of said relationship. Whenever a defendant is the subject of any charging allegation by plaintiff, it shall be deemed that the Defendants DOES 3 through 100, inclusive, and each of them, are likewise subject to this charging allegation.

8.     At all times herein mentioned, each and every defendant herein <u>may have been</u> the owner, agent, servant, joint venture, alter ego and employee, each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.  However, INGRAM MICRO and Touchstone were not alter egos of T-Mobile.

### III.     <u>VENUE AND JURISDICTION</u>

9.     Jurisdiction and venue are proper in the San Diego Superior Court, in the State of California, as it is Plaintiff's county and state of resident.  INGRAM MICRO's principal place of business is in California.  Furthermore, there is personal jurisdiction over each defendant in the San Diego Superior Court.  Furthermore, this venue is convenient to the parties and is an appropriate venue for a civil action.

10.     "Protection against local prejudice is the essential purpose of removal jurisdiction based on diversity of citizenship.  Thus, <u>defendants cannot remove</u> a case to federal court if <u>any</u> defendant joined and served resides in the state where the action is pending." 28 U.S.C. §1441(b).  This is even if there is complete diversity. *Spencer v. Altec*

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

*Industries, Inc.* (9th Cir. 2004) 393 F.3d 867, 870.  INGRAM MICRO is an indispensable party to this litigation

IV.   <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

**(Against All Defendants)**

11.    In or about May of 2012, STRASNER'S Android phone was not functioning properly. Having gone through several Android phones with numerous problems, STRASNER was frustrated with Android and wanted to switch to switch to iPhone.  T-MOBILE sent her pre-made labels to bring into a T-MOBILE branch in order to send the phone to T-MOBILE for refurbishing prior to resale.

12.    On or about May 10, 2012, STRASNER went to a T-MOBILE branch to make arrangements to get her Android cell phone refurbished and the data wiped/erased.  T-MOBILE informed her that her information was being wiped/erased so no sensitive information could be used in the future.   STRASNER had purchased a new phone with service from another carrier and wanted her old phone wiped to erase all personal information from the phone, including her pictures, texts and other private communications with other individuals.

13.    At the T-MOBILE branch, STRASNER requested that the data on her Android phone be deleted before it was sent in for refurbishing (after refurbishing and wiping, the phone was to be, and is believed to have been sold on the secondary international market). The T-MOBILE employee proceeded to attempt to delete all of the data on STRASNER'S Android phone and advised STRASNER that he had in fact deleted all of the data on her phone.  The T-MOBILE employee then packaged STRASNER'S Android phone in a box, affixed the pre-made labels T-MOBILE had sent to STRASNER and took steps to send it to T-MOBILE for refurbishing prior to resale.

14.    STRASNER'S Android phone had numerous photos on it, including intimate and private partially nude photos of STRASNER'S person.

15.    Relying on the T-MOBILE'S employee that all of the personal data, information, and photos were going to be immediately and permanently removed from the cell

phone, STRASNER relinquished her Android cell phone.

16.     STRASNER is informed and believes and thereon alleges that the T-MOBILE employee at the T-MOBILE, did not erase, reformat, or remove any of STRASNER's pictures, data, or other personal information prior to shipping the phone to T-MOBILE'S warehouse/factory in Mesquite, Texas for refurbishing.   The warehouse/factory was owned and operated by a third party contractor, Touchstone, working on behalf of and/or under the supervision of T-MOBILE.  Touchstone was subsequently purchased by Brightpoint, which assumed its liabilities, including those related to Plaintiff.  INGRAM MICRO then subsequently purchased Brightpoint, and assumed its liabilities, including those related to Plaintiff.  T-MOBILE contends that it is not responsible for the actions at Touchstone.

17.     STRASNER is informed and believes and thereon alleges that the package containing her Android phone was received by a named Jenny Hernandez at the Mesquite, Texas facility on May 10, 2012.

18.     STRASNER is informed and believes and thereon alleges that on or about May 14, 2012, an unknown Defendant, identified herein by DOE T-MOBILE AGENT while working out of the Touchstone facility received and was in possession of STRASNER's Android cell phone.

19.     STRASNER is informed and believes and thereon alleges that defendant DOE T-MOBILE AGENT, while in the course and scope of his/her employment, browsed through her Android phone and viewed her private data including STRASNER's many pictures, including one photo depicting STRASNER topless.

20.     STRASNER is informed and believes and thereon alleges that defendant DOE T-MOBILE AGENT, upon viewing pictures of STRASNER's naked breasts, purposely and maliciously used a Facebook application on STRASNER's phone, assumed the identity of STRASNER via the Facebook application, and uploaded the nude picture of STRASNER onto STRASNER'S Facebook page and newsfeed.

21.     STRASNER is informed and believes and thereon alleges that defendant DOE T-MOBILE AGENT uploaded the nude and intimate photo of STRASNER in an attempt to

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

embarrass, sexually harass, damage, and hurt her.

22.    STRASNER has numerous Facebook contacts, including friends, family, co-workers, clients, business contacts, mentors and acquaintances.

23.    STRASNER was unaware of the photo posting until several of her friends contacted her on May 14, 2012 and informed her of the posting.  Upon seeing the posting online, STRASNER immediately took steps to take the photo off of her Facebook account and was further informed that the photo had been uploaded via a mobile device.

24.    Although STRASNER immediately removed the photo upon having been notified of the same, prior to the removal of the photo, several people had already seen it, made comments to her about it and possibly could have saved the photo prior to its deletion.

25.    The acts and omission of the DEFENDANTS complained of herein have caused STRASNER to suffer severe emotional distress and embarrassment.

### FIRST CAUSE OF ACTION

#### INVASION OF PRIVACY

#### (Against all Defendants)

26.    STRASNER repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs l through 21, inclusive.

27.    STRASNER is informed and believes and thereon alleges that the actions of T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100, as hereinabove stated (collectively "DEFENDANTS"), namely accessing, without STRASNER'S permission, the topless photo of herself that she had stored on her phone and posting the photo on her Facebook page also without her permission, violated her legally protected privacy interests in her photo and in her Facebook page.

28.    PLAINTIFF had a reasonable expectation of privacy under the circumstances given that STRASNER turned possession of the phone over to T-MOBILE and having been repeatedly assured by T-MOBILE and its employees and agents that all data, including pictures, would be removed from the phone.

29.    The conduct by the DEFENDANTS as hereinabove alleged, constituted a

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

serious invasion of privacy.

30.     There is no justification for the DEFENDANTS' conduct, so the justification for that conduct cannot outweigh the intrusion of privacy that it involved.

31.     The DEFENDANTS' actions were sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right.

32.     As the direct and proximate result of the acts alleged above, PLAINTIFF has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind, all to her damage.  Furthermore, as a proximate result of DEFENDANTS' actions, PLAINTIFF has sustained severe damages in an amount to be proven at the time of trial.

33.     DEFENDANTS' actions were done knowingly, willfully, and with malicious intent, and PLAINTIFF is entitled to punitive damages in an amount to be determined by proof at trial.

## SECOND CAUSE OF ACTION

### PUBLIC DISCLOSURE OF PRIVATE FACTS

#### (Against All Defendants)

34.     PLAINTIFF repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs l through 29, inclusive.

35.     PLAINTIFF is informed and believes and thereon alleges that the actions of defendants T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100 as hereinabove stated, namely misappropriating PLAINTIFF's private photograph and publicly posting it on STRASNER's Facebook page, constituted a public disclosure of private facts with reckless disregard to PLAINTIFF.

36.     PLAINTIFF is informed and believes and thereon alleges that the actions of defendants T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100, their employees and agents as hereinabove stated, namely misappropriating her private photograph and posting it onto her Facebook page, would be offensive to any reasonable person, it was not of any legitimate public concern and was highly offensive to PLAINTIFF.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

37.     As the direct and proximate result of the acts alleged above, PLAINTIFF has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind, all to her damage.  Furthermore, as a proximate result of DEFENDANTS' actions, PLAINTIFF has sustained severe damages in an amount to be proven at the time of trial.

38.     DEFENDANTS' actions were done knowingly, willfully, and with malicious intent, and PLAINTIFF is entitled to punitive damages in an amount to be determined by proof at trial.

### THIRD CAUSE OF ACTION

**INTRUSION UPON SECLUSION**

**(Against All Defendants)**

39.     PLAINTIFF repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs l through 34, inclusive.

40.     T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100 misappropriated PLAINTIFF's personal photograph and posted it on her Facebook page, and intentionally intruded into a private place, the digital photograph storage function on STRASNER'S telephone, and into a private matter, her state of undress and intimate parts, and did so in a highly offensive manner, namely by violating the agreed upon terms on the basis of which alone STRASNER gave T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100 possession of her phone, and by posting the misappropriated photograph on her Facebook page and thereby making an intensely private matter readily available to anyone with access to her Facebook feed including, but not limited to, friends, clients, co-workers, mentors, acquaintances, and the public.

41.     This intrusion was highly offensive to PLAINTIFF, and would be offensive to any reasonable person.

42.     The intrusion, as outlined above, involved a private matter, specifically the nude and intimate photo of PLAINTIFF.

43.     As the direct and proximate result of the acts alleged above, PLAINTIFF has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind, all

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

to her damage.  Furthermore, as a proximate result of DEFENDANTS' actions, PLAINTIFF has sustained severe damages in an amount to be proven at the time of trial.

44.    DEFENDANTS' actions were done knowingly, willfully, and with malicious intent, and PLAINTIFF is entitled to punitive damages in an amount to be determined by proof at trial.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

45.    PLAINTIFF repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs l through 40, inclusive.

46.    At all times herein mentioned, T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100 knowingly and intentionally took the actions hereinabove described, namely misappropriating a private photo of PLAINTIFF and making it public by posting it on her Facebook page without her permission.

47.    DEFENDANTS willfully and intentionally took such actions in order to cause embarrassment, shame, humiliation, mortification and anxiety to PLAINTIFF.

48.    DEFENDANTS' conduct was so extreme and outrageous so as to exceed all bounds of that usually tolerated in a civilized community.

49.    The injuries that PLAINTIFF sustained were foreseeable and were intended at the time the DEFENDANTS' actions, as hereinabove alleged, were taken.

50.    As the direct and proximate result of the acts alleged above, PLAINTIFF has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind, all to her damage.  Furthermore, as a proximate result of DEFENDANTS' actions, PLAINTIFF has sustained severe damages in an amount to be proven at the time of trial.

51.    DEFENDANTS' actions were done knowingly, willfully, and with malicious intent, and PLAINTIFF is entitled to punitive damages in an amount to be determined by proof at trial.

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

52. PLAINTIFF repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs l through 47, inclusive.

53. At all times herein mentioned, T-MOBILE, DOE T-MOBILE AGENT, INGRAM MICRO and DOES 3-100, had a duty to exercise due care in managing the personal information stored on STRASNER's cell phone when it took possession of it for the purposes of sending it in for refurbishing and on the explicit understanding that T-MOBILE would erase all data from her Android phone before sending it to its facility.

54. T-MOBILE knew, or should have known, that its failure to exercise due care while it was in possession of STRASNER'S cell phone containing various forms of personal information could cause severe embarrassment, humiliation and detriment to her reputation which would cause STRASNER to suffer damages and severe emotional distress.

55. As the direct and proximate result of the acts alleged above, PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind, all to her damage. Furthermore, as a proximate result of DEFENDANTS' actions, PLAINTIFF has sustained severe damages in an amount to be proven at the time of trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

### (Against all Defendants)

56. PLAINTIFF repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs l through 51, inclusive.

57. The foregoing acts were caused by the negligence, carelessness, and recklessness of the DEFENDANTS, and each of them, owed PLAINTIFF a duty to act as a reasonably prudent customer service agent, a repair technician, and/or T-MOBILE employee and/or worker.

58.     PLAINTIFF alleges that DEFENDANTS' conduct fell below the standard of care by not properly erasing the personal data on STRASNER's cell phone, by posting the nude photo of her on her Facebook page, by not properly training and supervising T-MOBILE employees to protect the privacy rights of individuals such as PLAINTIFF and by not having proper policies and procedures in effect in order to protect individuals' right to privacy.

59.     PLANTIFF alleges that DEFENDANTS are both the actual and legal cause of PLAINTIFF'S injuries.

60.     As the direct and proximate result of the acts alleged above, PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind, all to her damage.  Furthermore, as a proximate result of DEFENDANTS' actions, PLAINTIFF has sustained severe damages in an amount to be proven at the time of trial.

### SEVENTH CAUSE OF ACTION

#### VIOLATION OF THE UNFAIR COMPETITION LAW,

#### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

#### (Against All Defendants)

61.     PLAINTIFF hereby incorporates the allegations asserted in paragraphs 1 through 56 above as though set forth below.

62.     California Business and Professions Code section 17200 *et seq.,* also known as the California Unfair Competition Law ("UCL") authorizes lawsuits to enjoin acts of "unfair competition," which includes any unlawful, unfair, fraudulent or deceptive business practice as well as "unfair, deceptive, untrue or misleading advertising."

63.     The UCL imposes strict liability.  PLAINTIFF need not prove that DEFENDANTS intentionally or negligently engaged in unlawful, unfair or fraudulent business practices – but only that such practices occurred.

64.     The DEFENDANTS have violated the UCL through their unlawful, unfair, fraudulent and/or deceptive business acts and/or practices.  DEFENDANTS failed to comply with and uniformly concealed, failed to disclose and omitted the fact that they never intended to

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   respect plaintiff's privacy as mandated under California Penal Code §647 and 18 U.S. Code

2   §2701.

3       65.     As a direct and proximate result of the acts, PLAINTIFF'S right to privacy was

4   violated when DEFENDANTS perused through her cell phone and posted a nude photo of her

5   on her Facebook account.

6   **A.     Unlawful**

7       The unlawful acts and practices of DEFENDANTS alleged above constitute unlawful

8   business acts and/or practices within the meaning of the UCL.  DEFENDANTS' unlawful

9   business acts and/or practices as alleged herein violated numerous state and/or common laws –

10  and said predicate acts are therefore per se violations of section 17200.  These predicate

11  unlawful business acts and/or practices include, but are not limited to, the following: violating

12  California Penal Code § 647 and 18 U.S.C § 2701.

13  **B.     Unfair**

14      66.     DEFENDANTS' concealment, omissions and misconduct as alleged in this

15  action constitute negligence and other tortious conduct.  Said misconduct, as alleged herein,

16  violated established law and/or public polices which seek to promote fair and reasonable prices

17  in the cell phone and tablet industry.  Concealing and failing to disclose the true nature and

18  extent of the failure to respect individuals' privacy or having adequate policies and procedures

19  in place to effectuate the same, as alleged herein, was and is directly contrary to established

20  legislative goals and policies promoting respect for individuals' protected right to privacy.

21  Therefore, DEFENDANTS' acts and/or practices alleged herein were and are unfair within the

22  meaning of the UCL.

23      67.     The harm to PLAINTIFF outweighs the utility, if any, of DEFENDANTS' acts

24  and/or practices as alleged herein. Thus, DEFENDANTS' deceptive business acts and/or

25  practices, as alleged herein, were unfair within the meaning of the UCL.

26      68.     As alleged herein, DEFENDANTS' business acts and practices offend

27  established public policies, including, but not limited to, public policies against failing to

28  disclose important material facts to PLAINTIFF about their lack of respect for personal privacy

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**

as well as the lack of effective policies and procedures to ensure the same.  These practices are and were immoral, unethical, oppressive, unscrupulous or substantially injurious to PLAINTIFF and thus unfair within the meaning of the UCL.

69.    At all times relevant, DEFENDANTS' misconduct and omissions alleged herein: (a) caused substantial injury to PLAINTIFF; (b) had no countervailing benefit to other individuals or to competition that could possibly outweigh this substantial injury; and (c) caused injury that could not have been avoided or even discovered by reasonable persons, because it resulted from DEFENDANTS' concealment, failure to disclose and/or omission of material, information relating to protecting individuals' right to privacy that only the DEFENDANTS knew or could have known. Thus, DEFENDANTS' acts and/or practices as alleged herein were unfair within the meaning of the UCL.

**C.    Fraudulent**

70.    DEFENDANTS' acts and practices, as alleged herein, were likely to, and did, deceive PLAINTIFF and others.  DEFENDANTS' concealment, material omissions, acts, practices and non-disclosures, as alleged herein, therefore constitute fraudulent business acts and/or practices within the meaning of the UCL.

71.    PLAINTIFF has been, and continues to be, deceived by DEFENDANTS' concealment and material omissions as alleged herein.  PLAINTIFF has suffered injury as a direct result of the deceptive conduct as alleged herein.  The unlawful, unfair, deceptive and/or fraudulent business acts and practices of DEFENDANTS, as fully described herein, continue to adversely affect PLAINTIFF.

WHEREFORE, PLAINTIFF demands a trial by jury and prays judgment against DEFENDANTS, and each of them, as follows:

1.    For general damages;

2.    Medical and related expenses, past, present, and future, according to proof;

3.    Loss of earnings and earning capacity, in a sum according to proof;

4.    For other items of special damage according to proof;

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

5.      For punitive damages according to proof;

6.      Costs of suit incurred herein;

7.      Prejudgment and post-judgment interest, and other relief, as provided by Law;

8.      For Injunctive Relief;

9.      For Attorneys' Fees

10.     Such other and further relief as may be deemed just and proper.

Dated:  January 22, 2015                              **KRISTENSEN WEISBERG, LLP**

                                                      */s/ John P. Kristensen*
                                                      John P. Kristensen
                                                      David L. Weisberg
                                                      Attorneys for Plaintiff

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

3

4     Dated:  January 22, 2015                                    **KRISTENSEN WEISBERG, LLP**

5

6                                                                          */s/ John P. Kristensen*

7                                                                          John P. Kristensen
                                                                          David L. Weisberg
                                                                          Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Kristensen Weisberg, LLP, 12304 Santa Monica Boulevard, Suite 100, Los Angeles, California 90025.  The foregoing document was served via ECF on all parties and their attorneys of record in case number  3:14-CV-2635-H (MDD) entitled M. STRASNER V. T-MOBILE USA, INC. ET AL.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on January 23, 2015.

*/s/ Karina Pundeff*
Karina Pundeff

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025