**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M. STRASNER, an individual,<br><br>                             Plaintiff,<br>   vs.<br><br>T-MOBILE USA, INC., a Delaware Corporation; INGRAM MICRO, INC., a California Corporation; DOE T-MOBILE AGENT, an individual; and DOES 3-100, inclusive,<br><br>                           Defendants. | CASE NO. 14-CV-2635-H (MDD)<br><br>**ORDER REMANDING TO STATE COURT**<br><br>[Doc. No. 11] |

On November 5, 2014, Defendant T-Mobile USA, Inc. ("T-Mobile") removed this case to federal court based on diversity jurisdiction.[1] (Doc. No. 1.) Plaintiff M. Strasner ("Plaintiff") initially filed her complaint in the San Diego Superior Court, alleging tort claims based on her allegation that when she sent her mobile phone to a facility to have the data erased, an unknown individual uploaded private photos from the phone to her Facebook account. (See Doc. No. 1-2.) The original complaint named the following defendants: T-Mobile, a Delaware Corporation,[2] Doe T-Mobile Agent, an individual, and Does 2-100, inclusive. (Id.)

---

[1] The parties do not contend that the Court has federal question jurisdiction.

[2] Plaintiff subsequently substituted T-Mobile, USA, Inc. for T-Mobile. (Doc. No. 7 at ¶ 2.)

On January 22, 2015, Plaintiff and T-Mobile filed a joint motion for leave to file an amended complaint naming an additional defendant, Ingram Micro, Inc., a California Corporation ("Ingram"), as an additional defendant. (Doc. No. 7.) On January 23, 2015, the Court granted the joint motion. (Doc. No. 8.) On the same day, Plaintiff filed an amended complaint naming Ingram as an additional defendant. (Doc. No. 9.) On January 28, 2015, Plaintiff filed a motion to remand the action to state court. (Doc. No. 11.) On January 29, 2015, the Court submitted the motion to remand on the papers. (Doc. No. 12.) On February 13, 2015, Ingram filed an answer to the amended complaint. (Doc. No. 15.) On March 2, 2015, Ingram filed an opposition to the motion to remand. (Doc. No. 20.) On March 9, 2015, Plaintiff filed a reply. (Doc. No. 21.) T-Mobile has not filed an opposition. The Court remands the action to the California Superior Court for the County of San Diego.

## Discussion

**I.  Legal Standards**

Federal courts are courts of limited jurisdiction. United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). The district court must remand if it lacks jurisdiction over the removed case. See Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998). The presence of non-diverse defendants necessitates remand in an action that was removed based on diversity of citizenship. Stevens v. Brink's Home Sec., Inc., 378 F.3d 944, 949 (9th Cir. 2004) (citing 28 U.S.C. § 1447(e)).

/ / /

/ / /

**II.     Analysis**

On January 22, 2015, Plaintiff and T-Mobile filed a joint motion for leave to file an amended complaint adding Ingram as a defendant. (Doc. No. 7.) In the joint motion, Plaintiff stated that she sent her phone to be wiped of data to a corporation that was subsequently purchased by Ingram, a California corporation with its principal place of business in Santa Ana, California. (Id. at ¶¶ 6-8.) Plaintiff stated that she expected to file a motion to remand based on lack of diversity jurisdiction. (Id. at ¶ 10.) The parties attached the proposed amended complaint to the motion. (Doc. No. 7-1.) The Court had not set a deadline for filing amended pleadings. On January 23, 2015, the Court, exercising its discretion, granted the joint motion. (Doc. No. 8.) On the same day, Plaintiff filed the amended complaint naming Ingram as an additional defendant. (Doc. No. 9.) On January 28, 2015, Plaintiff filed a motion to remand the action to state court. (Doc. No. 11.)

On February 13, 2015, Ingram filed an answer to the amended complaint. (Doc. No. 15.) In its answer, Ingram admits that its principal place of business is in California. (Id. at ¶ 4.) Ingram futher admits purchasing the relevant entities but denies assuming any liabilities. (Id. at ¶ 16.) Ingram also raised multiple affirmative defenses. (Id. at 11-12.)

On February 20, 2015, Ingram filed a motion for reconsideration of the Court's order granting the joint motion to file the amended complaint. (Doc. No. 18.) That motion is scheduled for hearing on April 6, 2015, and Plaintiff has not yet filed an opposition. (Id.) On March 2, 2015, Ingram filed an opposition to the motion to remand that purports to incorporate the arguments from Ingram's motion for reconsideration. (Doc. No. 20.) T-Mobile did not file an opposition to the motion to remand.

After considering the parties' joint motion to file an amended complaint and the proposed amended complaint, the Court exercised its discretion and permitted Plaintiff to amend her complaint, adding Ingram as a defendant. (Doc. No. 12.) The Ninth

1  Circuit addressed a similar scenario where the district court, in its discretion, allowed
2  the addition of a non-diverse defendant in a cased removed based on diversity
3  jurisdiction.  The Ninth Circuit explained that "once the non-diverse defendants were
4  joined remand became mandatory.  This is precisely the point of § 1447(e).  It requires
5  a district court either to deny joinder of non-diverse defendants or to permit joinder and
6  remand the case to state court.  A district court may not allow joinder and retain
7  jurisdiction." Stevens, 378 F.3d at 949.

8  Here, Plaintiff's amended complaint added a citizen of California as a defendant
9  in this lawsuit, destroying diversity jurisdiction. (See Doc. No. 9.) Because the Court's
10 subject matter jurisdiction is based on diversity only, the Court does not have
11 jurisdiction, and it must remand this case to the San Diego Superior Court under 28
12 U.S.C. § 1447(e).  Stevens, 378 F.3d at 949.  Nothing in Ingram's motion for
13 reconsideration compels otherwise.  Furthermore, Ingram will be able to raise its
14 arguments in state court.  Moreover, Ingram answered the amended complaint, so the
15 motion to dismiss is not well taken.

16 Ingram's presence defeats the Court's diversity jurisdiction. Accordingly, the
17 Court remands the case for lack of jurisdiction.

## Conclusion

19 For the foregoing reasons, the Court remands the action to San Diego Superior
20 Court. The Court directs the clerk to close the case and terminate all pending motions.

21 **IT IS SO ORDERED.**

22 DATED: March 12, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT